UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| YENIDUNYA INVESTMENTS, LTD., a Cyprus, EU Corporation;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAGNUM SEEDS, INC., a California Corporation; and GENICA RESEARCH CORPORATION, a Nevada Corporation;<br><br>　　　　Defendants.<br>_____/ | NO. CIV. 2:11-1787 WBS CKD<br><br>MEMORANDUM AND ORDER RE: MOTION TO RECONSIDER |

----oo0oo----

On August 11, 2011, defendants filed a motion to dismiss the Complaint on the ground that it was barred by the statute of limitations. (Docket No. 12.) On October 31, 2011, the court issued an Order granting defendants' motion to dismiss. (Docket No. 23.) Presently before the court is plaintiff's motion for reconsideration of the court's October 31, 2011, Order. (Docket No. 25.)

Reconsideration is an "extraordinary remedy" which should be used "sparingly in the interests of finality and the

1

conservation of judicial resources." <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000); <u>see also</u> <u>Sch. Dist. No. 1J, Multonomah Cnty. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993) (stating that reconsideration should only be granted in "highly unusual circumstances"). A motion for reconsideration "should not merely present arguments previously raised, or which could have been raised in the initial . . . motion." <u>United States v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (citing <u>Backlund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." <u>Sch. Dist. No. 1J</u>, 5 F.3d at 1263 (quoting <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th Cir. 1991)). Under Rule 60(b), reconsideration is generally only appropriate where the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. See <u>Westlands Water Dist.</u>, 134 F. Supp. 2d at 1131.

Plaintiff does not present the court with newly discovered evidence, nor does it present any new caselaw that would constitute an intervening change in controlling law. Plaintiff argues that the court's prior Order made a "clear error" because plaintiff was not granted leave to amend its complaint. (Mot. for Recons. at 1:8-10.) Specifically,

plaintiff alleges that granting leave to amend would not be futile in this case because, under the California Uniform Commercial Code ("CUCC"), plaintiff's retention of the Magnum share certificates means that it is still a Magnum shareholder. (Id. at 3:20-6:22.)  Plaintiff did request leave to amend its complaint in its opposition to the motion to dismiss, however, plaintiff did not rely on the CUCC in arguing for leave to amend. In fact, plaintiff did not raise the CUCC at all before filing this motion.

     A.    Presentation of New Arguments

The local rules for the Eastern District of California present additional guidelines for parties wishing to seek a motion for reconsideration.  See Local R. 230(j)(3).  Among other requirements, the moving party must include:

> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Id.  These rules were intended to prevent litigants from bringing motions for reconsideration based on facts and legal authority that could have, and should have, been raised during the original motion.

Plaintiff admits that "the application of the [CUCC] was not explicitly raised" during the motion to dismiss.  (Mot. for Recons. at 3:1-2.)  Indeed, plaintiff's motion for reconsideration reveals that the decision to not raise arguments based on the CUCC was a <u>deliberate strategic decision</u>.  Plaintiff

3

1 admits that it "considered the issues surrounding the existence
2 of the contractual relationships to be more complex, and those
3 associated with the inherent nature of the certificated stocks to
4 be less open to interpretation; and focused accordingly in its
5 presentations to the Court." (Id. at 7:17-20.)  It appears that
6 plaintiff assumed that the court would afford it a second bite at
7 the apple if its first legal strategy failed.  Plaintiff states
8 that it "presumed that . . . it would be granted leave to amend
9 to clarify application of the [CUCC] to issues relating to the
10 transfer of its stock certificate in Magnum." (Id. at 3:16-19.)

11       If plaintiff felt that the CUCC provisions justified
12 amendment of the Complaint, plaintiff would have been better
13 served by informing the court of the application of the CUCC in
14 its opposition to the motion to dismiss.[1]  Plaintiff claims that
15 it raised the importance of possession of the share certificates
16 during oral argument, however this passing reference never
17 mentioned the applicability of the CUCC nor did it address how
18 possession of the share certificates functioned to extend the
19 statute of limitations.

20       Plaintiff argues that the local rules and caselaw
21 regarding Rule 60(b) should be applied differently in this case
22 because the underlying Order was not made on the merits of the
23 case, but rather on statute of limitations grounds. (Reply to
24 Opp'n to Mot. for Recons. at 1:9-18.)  The nature of the
25 underlying judgment is irrelevant and plaintiff presents no

---

[1] Plaintiff had a second opportunity before oral arguments to raise the applicability of the CUCC because the court indulged plaintiff's request to file a sur-reply.

4

authority suggesting otherwise.  Plaintiff was presented with a more than adequate opportunity to show why its claims were not barred by the statute of limitations.  A judgment is not intended to be a rough draft for losing parties to take pot shots at. Arguments raised for the first time in a motion for reconsideration are deemed waived.  See 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (finding that a district court did not abuse its discretion when it declined to address an issue raised for the first time in a motion for reconsideration).  Nonetheless, the court will address plaintiff's new arguments to show that amendment to the pleadings remains futile.

    B.    Leave to Amend

        Plaintiff primarily argues that its motion for reconsideration should be granted because it should have been granted leave to amend its complaint.  While leave to amend must be freely given, the court is not required to permit futile amendments.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  Plaintiff argues that amendment would not be futile due to the provisions of the CUCC as they apply to certificated securities.  (Mot. for Recons. at 2:24-28.)  The court will address the application of the CUCC to the statue of limitations in further detail in subpart C of this Order.

        Plaintiff requests leave to amend the complaint "to

5

clarify its pleadings to make clear that it retains ownership of its stock certificate in Magnum and that the certificate was never transferred under the provisions of the [CUCC]."[2]  (Mot. for Recons. at 9:25-27.)  The court fails to see what difference this amendment would make in a subsequent motion to dismiss based upon the statute of limitations.  Plaintiff's physical possession of the share certificates has never been questioned during these proceedings and was directly discussed in the court's Order. (See Oct. 31, 2011, Order at 10:14-16 ("Defendants would like to pay plaintiff for its shares <u>and collect the shareholder certificates</u> . . . .").)  Plaintiff's motion for reconsideration acknowledges that it repeatedly informed the court that it retained physical possession of the shares.  (Mot. for Recons. at 3:9-11 ("The facts as presented by the Plaintiff in the <u>Complaint</u>, and in Plaintiff's Opposition and Sur-Reply to the Defendant's Motion to Dismiss, consistently represent that the Magnum stock certificate itself was never transferred from the Plaintiff to either of the Defendants.") (emphasis added).)

   This is not a case in which more specific pleading would avoid the problems raised in the motion to dismiss. Plaintiff is requesting leave to amend so that it may add a fact that the court has already discussed and that arguably already

---

[2] The Complaint does not explicitly state that plaintiff retains physical possession of the shareholder certificates.  The Complaint, however, does state that "YENIDUNYA declined the offer to purchase its shares and never executed and delievered the Stock Purchase Agreement, or otherwise agreed to the terms and provisions of the proposed purchase of its MAGNUM shares of Common Stock."  (Compl. ¶ 13.)  The court interpreted this statement to mean that since plaintiff refused to sell its shares, it never handed over its physical shareholder certificates.

6

appears on the face of the Complaint.  Plaintiff's request amounts to no more than a transparent attempt to use the liberal amendment rules in order to employ a different legal strategy to re-argue a motion it has lost.  Such an attempt serves neither the interest of justice nor judicial economy.

   C.   Application of the CUCC to the Statute of Limitations

The court did not pass judgment on whether plaintiff is still legally a Magnum shareholder when it granted defendants' motion to dismiss.  Rather, the court's prior Order held that the claims were barred by the statute of limitations and that the time for the court to make a determination on the underlying legal issues had passed.

Plaintiff argues that, under the CUCC, its physical possession of the share certificates means that it is still a Magnum shareholder because no proper legal transfer has occurred.  Defendants contend that the CUCC provides exceptions to this general rule and that the "drag along" provision in the Amendment to the Buy-Out Agreement served to automatically transfer the shares.  (Opp'n to Mot. for Recons. at 10:9-11:16.)  Were this legal issue properly before the court it would be a matter of first impression because no California court has ruled on whether drag along provisions are enforceable.  See Report of the Committee of the Business Law Section of the State Bar of California on Selected Legal Opinion Issues in Venture Capital Financing Transactions of November 2009, section IV(E)(3), at 21; Opp'n to Mot. for Recons. at 11:1-7.  The court has been asked, however, to determine whether plaintiff's claims are barred by the statute of limitations, not whether the underlying claims are

7

1 valid.

2       The determination of whether plaintiff remains a legal
3 shareholder is irrelevant to the question of when the statute of
4 limitations began to run in this case.  Plaintiff concedes this
5 when it argues that it would be "premature at this stage in the
6 litigation to determine whether" plaintiff waived its rights
7 under the CUCC, (Reply to Opp'n to Mot. for Recons. at 6:1-2),
8 because this determination goes to the legal issues in the case
9 and not the application of the statute of limitations.  This
10 lawsuit and the request for declaratory relief regarding
11 defendants' obligations to plaintiff as a shareholder stem from
12 Magnum's March 2005 exercise of the Call Option in the Buy Out
13 Agreement.  None of plaintiff's claims can be resolved without
14 determining whether that 2005 transaction was valid.

15       Plaintiff knew, starting in March of 2005, that its
16 shareholder status was contested and that it was being denied its
17 rights as a shareholder.  Under plaintiff's interpretation,
18 however, the statute of limitations would never run on its suit.
19 Plaintiff has provided no authority, and the court has been
20 unable to find any, supporting its claim that the statute of
21 limitations may run indefinitely on a claim for declaratory
22 relief or that plaintiff's retention of the share certificates
23 extends the statute of limitations.  Instead, caselaw on the
24 statute of limitations for declaratory relief consistently holds
25 that the statute of limitations governing a request for
26 declaratory relief is identical to the statute of limitations for
27 an ordinary legal or equitable action based on the same claims.
28 See, e.g., Green Valley Corp. v. Caldo Oil Co., No. 5:09-CV-

04028, 2011 WL 3501712, at *7 (N.D. Cal. Aug. 10, 2011); Maguire v. Hibernia Savings & Loan Soc., 23 Cal. 2d 719, 733 (1944) (rejecting the argument that the statute of limitations has not run because there is "an actual, present controversy," and instead finding that the nature of the right sued upon determines the applicable statute of limitations); Mangini v. Aerojet-General Corp., 230 Cal. App. 3d 1125, 1155 (3d Dist. 1991).

Plaintiff argues that the court's finding that the statute of limitations began to run in 2005 is incorrect because of factual differences between the present case and those in Maguire, upon which the court relied. The underlying legal questions, for which these factual distinctions may be important, are not relevant to the court's reliance on Maguire to determine the applicable statute of limitations. Maguire's holding that the statute of limitations begins to run when plaintiffs have notice of the relevant cause of action is directly relevant in this case because plaintiff has known about the present controversy for over six years and has only now decided to bring suit.

The American legal system relies on statutes of limitation to bar otherwise valid claims because we believe that at some point it is too late to commence litigation. For the statute of limitations to have any relevance, there must be some date after which a claim can no longer be brought. Plaintiff has not brought any additional authority to the attention of the court suggesting that the court committed clear error in granting the defendants' motion to dismiss based upon the statute of limitations. Plaintiff has also failed to show that amendment of

9

the pleadings would function to make any substantive changes to the Complaint.  Accordingly, the court will deny plaintiff's motion for reconsideration.

        IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration be, and the same hereby is, DENIED.

DATED:  December 6, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE