UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

YENIDUNYA INVESTMENTS, LTD., a       NO. CIV. 2:11-1787 WBS CKD
Cyprus, EU Corporation;

      Plaintiff,                        MEMORANDUM AND ORDER RE:
                                     MOTION TO RECONSIDER
   v.

MAGNUM SEEDS, INC., a
California Corporation; and
GENICA RESEARCH CORPORATION, a
Nevada Corporation;

      Defendants.
_____/

----oo0oo----

On August 11, 2011, defendants filed a motion to

dismiss the Complaint on the ground that it was barred by the

statute of limitations.  (Docket No. 12.)  On October 31, 2011,

the court issued an Order granting defendants' motion to dismiss.

(Docket No. 23.)  Presently before the court is plaintiff's

motion for reconsideration of the court's October 31, 2011,

Order.  (Docket No. 25.)

Reconsideration is an "extraordinary remedy" which

should be used "sparingly in the interests of finality and the

1

conservation of judicial resources." <u>Kona Enter., Inc. v. Estate</u>
<u>of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000); <u>see also</u> <u>Sch. Dist.</u>
<u>No. 1J, Multonomah Cnty. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th
Cir. 1993) (stating that reconsideration should only be granted
in "highly unusual circumstances").  A motion for reconsideration
"should not merely present arguments previously raised, or which
could have been raised in the initial . . . motion."  <u>United</u>
<u>States v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1130 (E.D.
Cal. 2001) (citing <u>Backlund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th
Cir. 1985)).

Rule 60(b) "provides for reconsideration only upon a
showing of (1) mistake, surprise, or excusable neglect; (2) newly
discovered evidence; (3) fraud; (4) a void judgment; (5) a
satisfied or discharged judgment; or (6) 'extraordinary
circumstances' which would justify relief."  <u>Sch. Dist. No. 1J</u>, 5
F.3d at 1263 (quoting <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442
(9th Cir. 1991)).  Under Rule 60(b), reconsideration is generally
only appropriate where the district court (1) is presented with
newly discovered evidence, (2) committed clear error or the
initial decision was manifestly unjust, or (3) if there is an
intervening change in controlling law.  <u>See</u> <u>Westlands Water</u>
<u>Dist.</u>, 134 F. Supp. 2d at 1131.

Plaintiff does not present the court with newly
discovered evidence, nor does it present any new caselaw that
would constitute an intervening change in controlling law.
Plaintiff argues that the court's prior Order made a "clear
error" because plaintiff was not granted leave to amend its
complaint.  (Mot. for Recons. at 1:8-10.)  Specifically,

2

1 | plaintiff alleges that granting leave to amend would not be
2 | futile in this case because, under the California Uniform
3 | Commercial Code ("CUCC"), plaintiff's retention of the Magnum
4 | share certificates means that it is still a Magnum shareholder.
5 | (Id. at 3:20-6:22.)  Plaintiff did request leave to amend its
6 | complaint in its opposition to the motion to dismiss, however,
7 | plaintiff did not rely on the CUCC in arguing for leave to amend.
8 | In fact, plaintiff did not raise the CUCC at all before filing
9 | this motion.

10 |     A.   <u>Presentation of New Arguments</u>

11 |       The local rules for the Eastern District of California
12 | present additional guidelines for parties wishing to seek a
13 | motion for reconsideration.  <u>See</u> Local R. 230(j)(3).  Among other
14 | requirements, the moving party must include:

15 |     (3) what new or different facts or circumstances are
16 |     claimed to exist which did not exist or were not shown
    upon such prior motion, or what other grounds exist for
17 |     the motion; and

18 |     (4) why the facts or circumstances were not shown at the
    time of the prior motion.

19 |
20 | <u>Id.</u>  These rules were intended to prevent litigants from bringing
21 | motions for reconsideration based on facts and legal authority
22 | that could have, and should have, been raised during the original
23 | motion.

      Plaintiff admits that "the application of the [CUCC]
24 | was not explicitly raised" during the motion to dismiss.  (Mot.
25 | for Recons. at 3:1-2.)  Indeed, plaintiff's motion for
26 | reconsideration reveals that the decision to not raise arguments
27 | based on the CUCC was a <u>deliberate strategic decision</u>.  Plaintiff
28 |

admits that it "considered the issues surrounding the existence
of the contractual relationships to be more complex, and those
associated with the inherent nature of the certificated stocks to
be less open to interpretation; and focused accordingly in its
presentations to the Court." (Id. at 7:17-20.)  It appears that
plaintiff assumed that the court would afford it a second bite at
the apple if its first legal strategy failed.  Plaintiff states
that it "presumed that . . . it would be granted leave to amend
to clarify application of the [CUCC] to issues relating to the
transfer of its stock certificate in Magnum." (Id. at 3:16-19.)

          If plaintiff felt that the CUCC provisions justified
amendment of the Complaint, plaintiff would have been better
served by informing the court of the application of the CUCC in
its opposition to the motion to dismiss.[1]  Plaintiff claims that
it raised the importance of possession of the share certificates
during oral argument, however this passing reference never
mentioned the applicability of the CUCC nor did it address how
possession of the share certificates functioned to extend the
statute of limitations.

          Plaintiff argues that the local rules and caselaw
regarding Rule 60(b) should be applied differently in this case
because the underlying Order was not made on the merits of the
case, but rather on statute of limitations grounds. (Reply to
Opp'n to Mot. for Recons. at 1:9-18.)  The nature of the
underlying judgment is irrelevant and plaintiff presents no

---

          [1]    Plaintiff had a second opportunity before oral
arguments to raise the applicability of the CUCC because the
court indulged plaintiff's request to file a sur-reply.

1  authority suggesting otherwise.  Plaintiff was presented with a
2  more than adequate opportunity to show why its claims were not
3  barred by the statute of limitations.  A judgment is not intended
4  to be a rough draft for losing parties to take pot shots at.
5  Arguments raised for the first time in a motion for
6  reconsideration are deemed waived.  See 389 Orange Street
7  Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (finding
8  that a district court did not abuse its discretion when it
9  declined to address an issue raised for the first time in a
10 motion for reconsideration).  Nonetheless, the court will address
11 plaintiff's new arguments to show that amendment to the pleadings
12 remains futile.

13         B.   Leave to Amend

14         Plaintiff primarily argues that its motion for
15 reconsideration should be granted because it should have been
16 granted leave to amend its complaint.  While leave to amend must
17 be freely given, the court is not required to permit futile
18 amendments.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d
19 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath
20 Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); Reddy v.
21 Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman
22 Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.
23 1987).  Plaintiff argues that amendment would not be futile due
24 to the provisions of the CUCC as they apply to certificated
25 securities.  (Mot. for Recons. at 2:24-28.)  The court will
26 address the application of the CUCC to the statue of limitations
27 in further detail in subpart C of this Order.

28         Plaintiff requests leave to amend the complaint "to

                                  5

clarify its pleadings to make clear that it retains ownership of
its stock certificate in Magnum and that the certificate was
never transferred under the provisions of the [CUCC]."[2]   (Mot.
for Recons. at 9:25-27.)   The court fails to see what difference
this amendment would make in a subsequent motion to dismiss based
upon the statute of limitations.   Plaintiff's physical possession
of the share certificates has never been questioned during these
proceedings and was directly discussed in the court's Order.
(See Oct. 31, 2011, Order at 10:14-16 ("Defendants would like to
pay plaintiff for its shares and collect the shareholder
certificates . . . .").)   Plaintiff's motion for reconsideration
acknowledges that it repeatedly informed the court that it
retained physical possession of the shares.   (Mot. for Recons. at
3:9-11 ("The facts as presented by the Plaintiff in the
Complaint, and in Plaintiff's Opposition and Sur-Reply to the
Defendant's Motion to Dismiss, consistently represent that the
Magnum stock certificate itself was never transferred from the
Plaintiff to either of the Defendants.") (emphasis added).)

        This is not a case in which more specific pleading
would avoid the problems raised in the motion to dismiss.
Plaintiff is requesting leave to amend so that it may add a fact
that the court has already discussed and that arguably already

        [2]   The Complaint does not explicitly state that plaintiff
retains physical possession of the shareholder certificates.   The
Complaint, however, does state that "YENIDUNYA declined the offer
to purchase its shares and never executed and delievered the
Stock Purchase Agreement, or otherwise agreed to the terms and
provisions of the proposed purchase of its MAGNUM shares of
Common Stock."   (Compl. ¶ 13.)   The court interpreted this
statement to mean that since plaintiff refused to sell its
shares, it never handed over its physical shareholder
certificates.

1   appears on the face of the Complaint.  Plaintiff's request

2   amounts to no more than a transparent attempt to use the liberal

3   amendment rules in order to employ a different legal strategy to

4   re-argue a motion it has lost.  Such an attempt serves neither

5   the interest of justice nor judicial economy.

6       C.   <u>Application of the CUCC to the Statute of Limitations</u>

7         The court did not pass judgment on whether plaintiff is

8   still legally a Magnum shareholder when it granted defendants'

9   motion to dismiss.  Rather, the court's prior Order held that the

10  claims were barred by the statute of limitations and that the

11  time for the court to make a determination on the underlying

12  legal issues had passed.

13        Plaintiff argues that, under the CUCC, its physical

14  possession of the share certificates means that it is still a

15  Magnum shareholder because no proper legal transfer has occurred.

16  Defendants contend that the CUCC provides exceptions to this

17  general rule and that the "drag along" provision in the Amendment

18  to the Buy-Out Agreement served to automatically transfer the

19  shares.  (Opp'n to Mot. for Recons. at 10:9-11:16.)  Were this

20  legal issue properly before the court it would be a matter of

21  first impression because no California court has ruled on whether

22  drag along provisions are enforceable.  <u>See</u> Report of the

23  Committee of the Business Law Section of the State Bar of

24  California on Selected Legal Opinion Issues in Venture Capital

25  Financing Transactions of November 2009, section IV(E)(3), at 21;

26  Opp'n to Mot. for Recons. at 11:1-7.  The court has been asked,

27  however, to determine whether plaintiff's claims are barred by

28  the statute of limitations, not whether the underlying claims are

1  valid.

2         The determination of whether plaintiff remains a legal

3  shareholder is irrelevant to the question of when the statute of

4  limitations began to run in this case.  Plaintiff concedes this

5  when it argues that it would be "premature at this stage in the

6  litigation to determine whether" plaintiff waived its rights

7  under the CUCC, (Reply to Opp'n to Mot. for Recons. at 6:1-2),

8  because this determination goes to the legal issues in the case

9  and not the application of the statute of limitations.  This

10  lawsuit and the request for declaratory relief regarding

11  defendants' obligations to plaintiff as a shareholder stem from

12  Magnum's March 2005 exercise of the Call Option in the Buy Out

13  Agreement.  None of plaintiff's claims can be resolved without

14  determining whether that 2005 transaction was valid.

15         Plaintiff knew, starting in March of 2005, that its

16  shareholder status was contested and that it was being denied its

17  rights as a shareholder.  Under plaintiff's interpretation,

18  however, the statute of limitations would never run on its suit.

19  Plaintiff has provided no authority, and the court has been

20  unable to find any, supporting its claim that the statute of

21  limitations may run indefinitely on a claim for declaratory

22  relief or that plaintiff's retention of the share certificates

23  extends the statute of limitations.  Instead, caselaw on the

24  statute of limitations for declaratory relief consistently holds

25  that the statute of limitations governing a request for

26  declaratory relief is identical to the statute of limitations for

27  an ordinary legal or equitable action based on the same claims.

28  See, e.g., Green Valley Corp. v. Caldo Oil Co., No. 5:09-CV-

8

1  04028, 2011 WL 3501712, at *7 (N.D. Cal. Aug. 10, 2011); <u>Maguire</u>

2  <u>v. Hibernia Savings & Loan Soc.</u>, 23 Cal. 2d 719, 733 (1944)

3  (rejecting the argument that the statute of limitations has not

4  run because there is "an actual, present controversy," and

5  instead finding that the nature of the right sued upon determines

6  the applicable statute of limitations); <u>Mangini v. Aerojet-</u>

7  <u>General Corp.</u>, 230 Cal. App. 3d 1125, 1155 (3d Dist. 1991).

8          Plaintiff argues that the court's finding that the

9  statute of limitations began to run in 2005 is incorrect because

10 of factual differences between the present case and those in

11 <u>Maguire</u>, upon which the court relied.  The underlying legal

12 questions, for which these factual distinctions may be important,

13 are not relevant to the court's reliance on <u>Maguire</u> to determine

14 the applicable statute of limitations.  <u>Maguire</u>'s holding that

15 the statute of limitations begins to run when plaintiffs have

16 notice of the relevant cause of action is directly relevant in

17 this case because plaintiff has known about the present

18 controversy for over six years and has only now decided to bring

19 suit.

20          The American legal system relies on statutes of

21 limitation to bar otherwise valid claims because we believe that

22 at some point it is too late to commence litigation.  For the

23 statute of limitations to have any relevance, there must be some

24 date after which a claim can no longer be brought.  Plaintiff has

25 not brought any additional authority to the attention of the

26 court suggesting that the court committed clear error in granting

27 the defendants' motion to dismiss based upon the statute of

28 limitations.  Plaintiff has also failed to show that amendment of

1  the pleadings would function to make any substantive changes to
2  the Complaint.  Accordingly, the court will deny plaintiff's
3  motion for reconsideration.

4           IT IS THEREFORE ORDERED that plaintiff's motion for
5  reconsideration be, and the same hereby is, DENIED.
6  DATED:  December 6, 2011

                WILLIAM B. SHUBB
                UNITED STATES DISTRICT JUDGE