UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| YENIDUNYA INVESTMENTS, LTD., a Cyprus, EU Corporation;<br><br>      Plaintiff,<br><br>    v.<br><br>MAGNUM SEEDS, INC., a California Corporation; and GENICA RESEARCH CORPORATION, a Nevada Corporation;<br><br>      Defendants.<br>_____/ | NO. CIV. 2:11-1787 WBS CKD<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION TO STAY EXECUTION OF</u><br><u>JUDGMENT PENDING APPEAL</u> |

----oo0oo----

Plaintiff Yenidunya Investments, Ltd. brought this action against defendants Magnum Seeds, Inc. ("Magnum") and Genica Research Corporation ("Genica") for declaratory relief and accounting arising out of defendants' allegedly wrongful violation of plaintiff's rights as a Magnum shareholder. After granting defendants' motion to dismiss, the court awarded defendants $125,324.75 in attorneys' fees and $1,002.21 in untaxed costs. (Docket No. 44)  Presently before the court is

1

plaintiff's motion to stay execution of the judgment pending appeal. (Docket No. 47.)

I. Factual and Procedural Background

In October 2003, Spiros Spirou & Co. ("SS & Co.") obtained common stock in Magnum by converting a $2,267,995.00 loan into 2,267,995 shares of Magnum. (Compl. ¶ 7 (Docket No. 1).) In March 2005, Genica offered to purchase all of the outstanding shares of Magnum from the existing shareholders. (Id. ¶ 13.) Plaintiff declined to sell its shares, however defendants exercised a call-option to purchase plaintiff's shares for $1,133,997.50 to be paid over a ten-year period. (Id.) Magnum no longer recognizes plaintiff as a shareholder. (Id. ¶ 10.)

In order to show its good faith intention to pay plaintiff for the sale of its shares, defendants have created a special bank account ("Special Account") into which they have deposited payments due to plaintiff under the stock sale. (Anastassiou Decl. Ex. A (Docket No. 47-2).) Defendant has notified plaintiff that it

> will hold the funds in this account until such time as Yenidunya provides us with the following documents (the "Required Documentation"):
>
> (i) the stock certificate,
>
> (ii) the executed Stock Assignment and Release, and
>
> (iii) satisfactory proof that Yenidunya is entitled to the payment, i.e. that the right to the payment has not been pledged or sold to someone else.

(Id. at 2.) Defendant has further informed plaintiff that:

> It is our intent to continue to hold money in this separate account until such time as Yenidunya provides us with the Required Documentation. Upon receipt, we will

2

> immediately deliver the Promissory Note and all of the funds in the special account to the proper party. Notwithstanding the foregoing, however, we reserve the right to terminate this account if we determine, in our sole judgment, that our purpose in setting it up has failed.

(Id.)  Plaintiff has not yet provided defendants with the Required Documentation.  (Defs.' Opp'n to Pl.'s Mot. to Stay Execution on J. at 2:25-26 (Docket No. 51).)

On July 6, 2011, plaintiff filed for declaratory relief seeking to be recognized as a Magnum shareholder.  Defendants moved to dismiss plaintiff's complaint on the ground that it was barred by the statute of limitations.  (Docket No. 12.)  The court granted defendant's motion, finding that the statute of limitations had run because "the gravamen of [plaintiff's] Complaint is that the Promissory Note was never a valid contract."  (Oct. 31, 2011, Order at 9:7-9 (Docket No. 23).)  The court also denied plaintiff's motion for reconsideration.  (Dec. 7, 2011, Order at 7:10-12 (Docket No. 29).)  Defendants moved for attorneys' fees and the court awarded defendants $125,324.75 in attorneys' fees and $1,002.21 in untaxed costs.  (Docket No. 44.)  Plaintiff filed notices of appeal as to the court's orders granting defendants' motion to dismiss, (Docket No. 34), denying plaintiff's motion for reconsideration, (id.), and awarding attorneys' fees to defendants, (Docket No. 45).

II.  Legal Standard

With a few specified exceptions, Federal Rule of Civil Procedure 62(a) provides for an automatic stay of fourteen days following entry of a judgment.  Fed. R. Civ. P. 62(a).  A party appealing a district court's entry of a money judgment is

3

entitled to a further stay as a matter of right if he posts a bond in accordance with Federal Rule of Civil Procedure 62(d). Antoninetti v. Chipotle Mexican Grill, Inc., No. 05-1660, 2009 WL 1390811, at *2 (S.D. Cal. May 15, 2009) (citing Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966) (mem.)). While parties have the right to a stay obtained through a supersedeas bond, an unsecured stay is reserved for "unusual circumstances" and awarded at the court's discretion. Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760-61 (D.C. Cir. 1980).

Where a party wishes to post a bond in an amount less than the full judgment, the burden is on the moving party to show reasons for the departure from the normal Rule 62(d) requirement. See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). Among the grounds that may justify waiver of the bond requirement are:

> (1) the complexity of the collection process;
> (2) the amount of time required to obtain a judgment after it is affirmed on appeal;
> (3) the degree of confidence that the district court has in the availability of funds to pay the judgment;
> (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and
> (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

United States v. Simmons, No. 96-5948, 2002 WL 1477460, at *1 (E.D. Cal. May 14, 2002) (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)); see also Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986) (looking instead at whether (1) "there is a showing that the prevailing

4

party's judgment will not be jeopardized" or (2) "a [full] bond is impracticable [and other] adequate security is provided"); Antoninetti, 2009 WL 1390811, at *2.

"Courts addressing a motion for an unsecured stay under Rule 62(d) have expressed a willingness to grant such requests when: (1) 'defendant's ability to pay is so plain that the cost of the bond would be a waste of money' or (2) 'the requirement would put the defendant's other creditors in undue jeopardy' (in other words, the requirement is impracticable because it would, for example, force appellant into bankruptcy or paralyze the business)." Bolt v. Merrimack Pharm., Inc., No. CIV. S-04-0893, 2005 WL 2298423, at *3 (E.D. Cal. Sept. 20, 2005) (citing cases). Even if the moving party persuades the court that a full bond is unnecessary, the court typically requires a substitute form of judgment guarantee. See Olympia Equip. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986). The court, in its discretion, may entertain a form of security other than a supersedeas bond. See, e.g., Trans World Airlines v. Hughes, 515 F.2d 173, 175-76 (2d Cir. 1975) (allowing defendant, in a case awarding plaintiff over $145 million, to post a partial bond of $75 million and provide regular evidence of net worth greater than three times the balance owed -- an arrangement that freed defendant to pursue other business opportunities pending appeal).

III. Discussion

Plaintiff requests that the court stay execution on the judgment for attorneys' fees without requiring it to file a supersedeas bond pending its appeal of the court's orders granting the motion to dismiss and awarding attorneys' fees.

5

Plaintiff argues that the posting of a bond is not necessary because the Special Account that defendant holds on plaintiff's behalf provides an adequate financial assurance of recovery for defendants.  Plaintiff has presented no financial information suggesting that it is unable to post a supersedeas bond, nor has it shown an ability to pay the attorneys' fee award without reliance on the assets in the Special Account.  In order to demonstrate that plaintiff's ability to pay is so plain that the cost of a bond would be a waste of money, the court must therefore have confidence that the Special Account functions as an acceptable alternative to a supersedeas bond.  Plaintiff bears the burden of proof to show that defendants' access to the Special Account will adequately compensate it for the attorneys' fees that it has been awarded.  See Antoninetti, 2009 WL 1390811, at *2.

The Special Account was created by defendants to demonstrate their "good faith" attempts to pay plaintiff for its shares.  (Anastassiou Decl. Ex. A.)  Defendants retains ownership of the funds in the account, however, until plaintiff provides the Required Documentation.  The court does not know that plaintiff has yet provided the Required Documentation, nor does the court's order granting the motion to dismiss on statute of limitation grounds require that plaintiff provide the Required Documentation.  The court recognizes that, if plaintiff loses on appeal, it will have a financial interest in submitting the Required Documentation in order to collect the funds that defendants have set aside for the purpose of purchasing plaintiff's shares.  The parties' prior behavior, however,

6

greatly diminishes the court's confidence that the parties will quickly and efficiently resolve their differences following the outcome of the appeal.

For instance, plaintiff waited for six years after Magnum stopped treating it as a shareholder before bringing litigation contesting Magnum's forced buy-out of its shares. (Compl. ¶ 10.) The correspondence between the parties illustrates a complete inability to reach resolution on even the smallest issues. (See Anastassiou Decl. Exs. B-E (Docket No. 47-2).) The briefing on motions in this case has frequently contained argumentation that is irrelevant to the issues at hand and suggests that future interactions between the parties may be similarly complex and inefficient. Plaintiff has recently suggested that it may file an additional lawsuit in this case. (Macaulay Decl. Ex. 2 (Docket No. 51-3).) And finally, despite the court granting the parties additional time to reach a stipulation on this issue, the parties have been unable to agree on their post-appeal obligations.

If plaintiff loses its appeal, the court is not confident that plaintiff will submit the Required Documentation in a timely manner and without further litigation. This leaves defendants without an adequate assurance that they will be able to easily collect their attorneys' fees. Plaintiff has not met its burden to show that the Special Account is an adequate substitute for a supersedeas bond. Furthermore, plaintiff has failed to provide an adequate reason for why it is unable to post a bond. Plaintiff is thus not entitled to a stay without posting a supersedeas bond. In the event that plaintiff files such a

7

bond to stay execution of the judgment, the bond must be in the full amount of the judgment.

        IT IS THEREFORE ORDERED that plaintiff's motion to stay execution of judgment pending appeal be, and the same hereby is, DENIED.

DATED:  March 30, 2012

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE