UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YENIDUNYA INVESTMENTS, LTD., a Cyprus, EU corporation, | No. 12-15037 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01787-WBS-CKD U.S. District Court for Eastern California, Sacramento |
| v. | |
| MAGNUM SEEDS, INC., a California corporation and GENICA RESEARCH CORPORATION, a Nevada corporation, | **MANDATE** |
| Defendants - Appellees. | |

| | |
|---|---|
| YENIDUNYA INVESTMENTS, LTD., a Cyprus, EU corporation, | No. 12-15413 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01787-WBS-CKD U.S. District Court for Eastern California, Sacramento |
| v. | |
| MAGNUM SEEDS, INC., a California corporation and GENICA RESEARCH CORPORATION, a Nevada corporation, | |
| Defendants - Appellees. | |

The judgment of this Court, entered March 13, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

Costs are taxed against the appellant in the amount of $32.90.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Rhonda Roberts
Deputy Clerk

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YENIDUNYA INVESTMENTS, LTD., a Cyprus, EU corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MAGNUM SEEDS, INC., a California corporation and GENICA RESEARCH CORPORATION, a Nevada corporation,<br><br>        Defendants - Appellees. | No. 12-15037<br><br>D.C. No. 2:11-cv-01787-WBS-CKD<br><br>MEMORANDUM[*] |
| YENIDUNYA INVESTMENTS, LTD., a Cyprus, EU corporation,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MAGNUM SEEDS, INC., a California corporation and GENICA RESEARCH CORPORATION, a Nevada corporation,<br><br>        Defendants - Appellees. | No. 12-15413<br><br>D.C. No. 2:11-cv-01787-WBS-CKD |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted February 11, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and HELLERSTEIN, Senior District Judge.[***]

Yenidunya Investments, Ltd. ("Yenidunya") appeals from the district court's orders dismissing on statute of limitations grounds its declaratory judgment action against Magnum Seeds, Inc. ("Magnum") and Genica Research Corporation (collectively, the "Defendants") and awarding attorney's fees.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

According to Yenidunya's complaint, the Defendants invoked a contractual "drag-along" provision transferring its shares in Magnum "on or about" March 7, 2005, and refused to recognize Yenidunya as a Magnum shareholder beginning "on or about" that same date.  Yenidunya did not file suit until over six years later, on July 6, 2011.  Under California law, a cause of action based on a corporation's failure to recognize a shareholder's status accrues when the shareholder has

---

[***]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

knowledge that the corporation has denied the shareholder's rights to attend meetings, vote, share in dividends, or otherwise participate in its affairs. *See Maguire v. Hibernia Savs. & Loan Soc'y*, 146 P.2d 673, 681 (Cal. 1944); *Schneider v. Union Oil Co.*, 6 Cal. App. 3d 987, 993-94 (1970). At most, the applicable statute of limitations period was four years. *See* Cal. Civ. Proc. Code § 343 (specifying the limitations period for actions not otherwise specified).

Yenidunya contends that its continued possession of the stock certificate precluded the statute of limitations from running because formal delivery and endorsement were necessary to transfer its interest. It is undisputed that Yenidunya knew, as of March 7, 2005, that the Defendants considered Yenidunya bound by a contractual obligation transferring its shares. Thereafter, the Defendants refused to recognize Yenidunya's status and enjoyed the full use of the disputed shares. Yenidunya could not simply hold its stock certificate forever, in a naïve belief that the statute of limitations never would run. Accordingly, it was incumbent upon Yenidunya, as the allegedly injured party, to bring suit within the statutory period, and because it failed to do so, the district court correctly dismissed its action.[1]

---

[1] As Yenidunya failed to bring any action within the statutory period, we need not decide whether the agreements at issue here were valid.

3

II

Under California law, contractual attorney's fees provisions are enforceable to allow either party to recover reasonable attorney's fees. *See* Cal. Civ. Code § 1717(a); *Roy Allan Slurry Seal v. Laborers Int'l Union*, 241 F.3d 1142, 1145 n.3 (9th Cir. 2001). Applying these principles, the California courts have awarded "attorney fees to the party who successfully thwarts the other party's efforts to have a contract declared void at its inception," where the challenged contract contains an attorney's fees provision. *Eden Twp. Healthcare Dist. v. Eden Med. Ctr.*, 220 Cal. App. 4th 418, 430 (2013). Here, the district court correctly found that the Defendants were entitled to recover attorney's fees under the contract signed by Yenidunya's predecessor because Yenidunya could have recovered attorney's fees under the disputed contracts if it had prevailed.

**AFFIRMED.**

4